IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM JOSEPH CALDWELL, SR.,**

        Petitioner,

v.                                        Case No. 3:05-cv-23
                                            (Judge Broadwater)

**EDWARD J. RUDLOFF, Administrator,**
Eastern Regional Jail and **JIM RUBENSTEIN,**
Commissioner of Corrections,

        Respondents.

## REPORT AND RECOMMENDATION

On March 25, 2005, Plaintiff initiated this case by filing a Request for Immediate Injunctive Relief. The case was referred to the undersigned for an initial review and report and recommendation by Order dated April 4, 2005. On April 8, 2005, a preliminary review of the motion showed that summary dismissal was not warranted and the Respondents were directed to file a Response. On April 21, 2005, Respondent Rubenstein filed a Response and a Motion to Dismiss or for Summary Judgment. On May 6, 2005, Respondent Rudloff filed his Answer which incorporates a motion to dismiss. On July 19, 2005, Petitioner filed a motion requesting the Court appoint him counsel for the purpose of responding to the Respondent's dispositive motions.

### I. **Petitioner's Request for Injunctive Relief**

In his request, Petitioner alleges that, as a part of his plea agreement, he was to be immediately transferred to a West Virginia Division of Corrections (DOC) penal institution for rehabilitation and service of his sentence. However, since his conviction a year and a half ago, Petitioner continues to be housed at the Eastern Regional Jail. Petitioner, and other similarly

situated inmates, have been advised by the DOC that they continue to be housed in county and regional jails due to overcrowded conditions in DOC facilities. The DOC has advised Petitioner and other similarly situated inmates that each will be transferred to a DOC facility in accordance with established priorities as space becomes available. However, Petitioner asserts that his continued stay in a regional jail denies him his right to rehabilitation. Therefore, Petitioner requests his immediate transfer to a DOC facility and a stay of his "proceedings," with either post-conviction bail or home confinement, until such time as the DOC transfers him to an appropriate state facility.

## II.  Respondent Rubenstein's Motion

In response to the Petitioner's Motion, Respondent Rubenstein raises several reasons for dismissing this case. First, Respondent Rubenstein alleges that Petitioner's characterization of this case as a habeas petition is incorrect as Petitioner challenges the conditions of his confinement rather than the fact or duration of that confinement. Second, because Petitioner is challenging the conditions of his confinement, Petitioner is required to first exhaust his available administrative remedies. Having not done so, this case should be dismissed. Third, Respondent Rubenstein argues that Petitioner has failed to state a federal constitutional claim because Petitioner has no federal constitutional right to be housed in any particular facility or to have rehabilitative programs.

## III.  Respondent Rudloff's Motion

In his Answer to the Petitioner's request for injunctive relief, Respondent Rudloff argues that this case should be dismissed under the Prison Litigation Reform Act (PLRA) for the failure

to exhaust administrative remedies.[1] See 42 U.S.C. § 1997e(a). Additionally, Respondent Rudloff argues that the Petitioner has failed to raise a federally cognizable claim.

## IV. Analysis

**1. Cause of Action**

"It is well settled that challenges to the fact or length of confinement are properly considered in the context of habeas corpus." Plyler v. Moore, 129 F.3d 728, 733 (4th Cir. 1997) (citing Preiser v. Rodriguez, 411 U.S. 475, 487-488, (1973)). A civil rights action is the proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life. Preiser, 411 U.S. at 499.

In this instance, the Petitioner challenges his confinement in a regional jail and the effect that confinement has on his ability to participate in certain state-sponsored rehabilitation programs. Even though Petitioner seeks bail or other types of release until such time as he is transferred to a DOC facility, the underlying issues in this case are clearly civil rights issues. Where a petitioner is housed and what programs are available, certainly pertain to the conditions of confinement rather than the fact or duration of that confinement. Accordingly, this case should have been initiated as a civil rights case.

**2. Exhaustion**

Under the PLRA, a prisoner bringing a case with respect to prison conditions must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion as provided in § 1997e(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court of the

---

[1] Presuming, of course, that this case should have been filed as a civil rights case. See Smith v. Angelone, 11 F.3d 1126, 1129-1131 (4th Cir. 1997) (the term civil action as used in the PLRA does not include habeas proceedings).

3

United States has determined that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The West Virginia Regional Jail and Correctional Facility Authority provides all inmates with an administrative grievance procedure by which complaints concerning the conditions of confinement may be addressed.[2] This procedure is outlined in the Inmate Handbook that is distributed to all inmates upon submission to the jail. Id. at Ex. 1. The grievance process begins when the inmate completes an inmate grievance form and submits that form to the Administrator of the facility. The Administrator will review the grievance, and, if warranted, investigate the complaint and promptly provide the inmate with a written decision. That decision will identify any corrective action taken in response to the grievance and/or the reasons the grievance is denied. An inmate who is dissatisfied with the Administrator's response may appeal that decision to the Chief of Operations. The Chief of Operations reviews the grievance, the response from the Administrator, and issues a written decision identifying any corrective action taken or the reasons for denying the appeal. If the inmate is dissatisfied with the response from the Chief of Operations, he takes a final appeal to the Office of the Executive Director. Plaintiff must complete all three levels of the grievance process to successfully exhaust his administrative remedies.

Pursuant to the Affidavit of John L. King, II, Chief of Operations at the West Virginia Regional Jail and Correctional Facility Authority, the Petitioner has not filed any grievances

---

[2] See Answer of Respondent Edward J. Rudloff (Doc. 7) at 2.

regarding the subject matter of this case.[3]  Accordingly, this case is subject to dismissal for the failure to exhaust administrative remedies.

**3. Failure to State a Claim**

In any 42 U.S.C. §1983 cause of action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present.  Section 1983 provides in relevant part that "[e]very person who, under color of any statue, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in any action at law . . . [or] suit in equity."  Therefore, in order to state a successful § 1983 claim, the Plaintiff must show that the conduct complained of (1) was committed by a person acting under the color of state law and (2) deprived the complaintant of rights, privileges, or immunities secured by the Constitution or laws of the United States.

In this case, Plaintiff cannot show that he has been deprived of a right secured by the constitution or laws of the United States.  A prisoner has no federal right to be confined to a particular place.  Meachum v. Fano, 427 U.S. 215, 224-225 (1976).  Nor is there a constitutional right to rehabilitation.  Bowring v. Godwin, 551 F.2d 44, 48, n. 2 (4th Cir. 1977).  Any rights Petitioner may have in this case are state created.[4]  Because, questions of state law are not cognizable on federal review, Estelle v. McGuire, 502 U.S. 62 (1991, Petitioner has failed to state a claim for relief under § 1983.

---

[3] Doc. 7 at Ex. 1.

[4] See State ex rel. Sams, et al., v. Kirby, 208 W.Va. 726, 728, 542 S.E.2d 889, 891 (2000) (the West Virginia code creates a right of rehabilitation for state prisoners and requires the DOC to transfer prisoners to DOC facilities.)

## V. Recommendation

It is recommended that the petitioner's § 2254 petition be construed as a civil action under 42 U.S.C. § 1983 and be DISMISSED WITH PREJUDICE for the failure to state a claim. Additionally, because Petitioner's claims are not exhausted, the undersigned concludes that the appointment of counsel is not warranted and recommends that Petitioner's Motion to Appoint Counsel (Doc. 8) be DENIED.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.[5]

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner.

Dated: December 12, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[5] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).